United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES ERVIN and ALLISON ERVIN, § <br> § <br> *Plaintiffs*, § <br> VS. § <br> § <br> DANIEL THOMAS PENA, § <br> § <br> *Defendant*. § | CIVIL ACTION NO. 4:23-cv-4066 |

## ORDER

Pending before this Court are Savory TCS, LLC's and Savory Management Services, LLC's (collectively, the "Savory Entities") Motions to Strike Plaintiff's First Amended Complaint. (Doc. Nos. 14, 16). James Ervin and Allison Ervin ("Plaintiffs") had until April 17 and April 22 to file their responses but did not do so, making the motions ripe for ruling. Having considered the motions and the relevant pleadings, the Court **GRANTS** Savory Entities' Motions to Strike. (Doc. Nos. 14, 16).

### I.   Background

This case arises from a motor-vehicle accident in Houston, Texas. Plaintiffs allege that, on or about February 18, 2023, Defendant disregarded a red light and struck Plaintiffs' vehicle, causing bodily injuries. (Doc. No. 1-3 at 28). Plaintiffs initially filed suit in state court, naming Daniel Thomas Pena ("Defendant") as the sole defendant, and asserting negligence and negligence per se causes of action. (*Id.* at 28–29). On October 25, 2023, Defendant timely removed to this Court, properly invoking diversity jurisdiction.[1] (Doc. No. 1).

---

[1] Plaintiffs are residents of Fort Bend County, Texas, while Defendant is a resident of San Deigo, California. (Doc. No. 1 at 2).

On February 18, 2025—almost a year and half after removal—Plaintiffs filed their First Amended Complaint. (Doc. No. 11). The Amended Complaint added the Savory Entities and alleged vicarious liability on their part because Defendant was an employee of the Savory Entities. After the Savory Entities were served, they moved to strike the First Amended Complaint. (Doc. Nos. 14, 16).

## II.     Analysis

Plaintiffs' amendment of their Complaint was improper thrice over. First, the Federal Rules of Civil Procedure authorizes amendments of pleadings "as a matter of course no later than[] 21 days after serving it." FED. R. CIV. P. 15(a)(1)(A). Plaintiffs' attempt to amend it here, however, occurred 16 months after removal, let alone service of process. Second, after the 21-day period in which the Complaint could have been amended as a matter of course, Plaintiffs still could have amended it "with the opposing party's written consent or the court's leave." *Id.* 15(2). Plaintiffs failed to seek either. Third, this Court's Scheduling Order specified that "[n]ew parties must be joined by[] April 26, 2024." (Doc. No. 8). The Amended Complaint's joinder of new parties almost a year after the deadline, therefore, was improper. This is especially true when the joinder of new parties occurred months after the motions deadlines. *See* (*id.*) (setting the dispositive motions deadline as November 29, 2024). This deprives Defendant and the Savory Entities of their opportunity to partake in the motions practice.

Yet another reason exists to strike the Amended Complaint—Plaintiffs did not respond to the Savory Entities' Motions to Strike. Per this Court's Local Rules, "[f]ailure to respond to a motion will be taken as a representation of no opposition." S.D. TEX. L. R. 7.4. As such, the Court deems Plaintiff's non-response as a representation of no opposition and deems the motions unopposed.

### III.  Conclusion

For the foregoing reasons, Plaintiff's First Amended Complaint is **STRICKEN**. (Doc. No. 11).

Signed on this the 2nd day of May, 2025.

Andrew S. Hanen
United States District Judge